*BRADLEY & BROWN*
*Attorneys at Law*
6780 N. West Ave.
Suite 102
Fresno, CA 93711

**Peter Sean Bradley, Esq**.
SBN #109258
Tel: (559) 960-5613
petersean@aol.com

**Laura Elizabeth Brown, Esq**.
SBN #306035
Tel: (559) 862-8633
laura@lauraebrown.com

*Attorneys for Plaintiff*
*Myesha Frazier-Taylor*

ROGER M. MANSUKHANI (SBN: 164463)
rmansukhani@grsm.com
ANNE-LEITH MATLOCK (SBN 244351)
amatlock@grsm.com
GORDON REES SCHULLY MANSUKHANI LLP
101 W. Broadway, Suite 200
San Diego, CA 92101
Telephone:(619) 230-7701
Facsimile: (619) 696-7124

*Attorneys for Defendants*
*CAMBRIDGE MANAGEMENT, INC.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYESHA FRAZIER-TAYLOR<br><br>        Plaintiff,<br><br>  vs.<br><br>CAMBRIDGE MANAGEMENT, INC.<br><br>        Defendants. | Case No.  1:25-CV-00448-BAM<br><br>**PROTECTIVE ORDER**<br><br>[Fresno County Superior Court – Case No. 18CECG01029]<br><br>Action Filed:      April 17, 2025<br>Trial Date:        May 4, 2027<br><br>Initial Scheduling Conference (Supplemental) |

TO ALL PARTIES AND THEIR COUNSEL:

WHEREAS, this case involves sensitive matters, including claims of employment discrimination, harassment, and retaliation based on disability and whistleblowing activities;

WHEREAS, the parties recognize the importance of protecting private and confidential information while ensuring fair and efficient discovery;

WHEREAS, the Court has the authority to issue protective orders to safeguard sensitive information and balance the needs of all parties;

THEREFORE, THE PARTIES STIPULATE:

1. **Scope of Protection**

This Protective Order applies to all documents, materials, information, testimony, and other discovery produced or disclosed in this case that contain or reveal:

    a. Personnel records and files of current or former employees;

    b. Confidential personal information, such as home addresses, phone numbers, social security numbers, medical details, and financial data;

    c. Trade secrets or proprietary business information;

    d. Internal company policies, procedures, and communications related to personnel matters;

    e. Any other information designated as "CONFIDENTIAL" under this Order.

2. **Designation of Confidential Information**

Any party may mark materials as "CONFIDENTIAL" by clearly labeling them with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" before production or disclosure. As to previously produced or disclosed documents the parties will have thirty (30) days from date of executing this document to mark such items as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER".

If any party disagrees with a confidentiality designation, the designating party bears the burden of justifying the designation. The parties must meet and confer on any disagreement, and if no agreement is reached, the designating party must move for a protective order.

3.   **Use and Disclosure of Confidential Information**

Materials designated as "CONFIDENTIAL" may only be:

1. Shared with attorneys of record and their staff directly involved in this case;
2. Shared with the parties to this case;
3. Shared with expert witnesses retained for this case, provided they sign a confidentiality agreement;
4. Used solely for purposes of this litigation and not for any other purpose;
5. Disclosed during depositions, hearings, or trial, with appropriate measures to maintain confidentiality.

4.   **Return or Destruction of Materials**

Within 30 days after the conclusion of this case, all confidential materials and any copies must be returned to the producing party or destroyed, with written confirmation of such return or destruction. Nothing in this section precludes counsel from retaining a copy of their own file or any client from retaining a copy of their own file.

5.    **Enforcement**

Any violation of this Protective Order may result in appropriate sanctions, including potential court proceedings.

6.   **Modifications**

This Order may be modified by agreement of the parties or further order of the Court.

7.   **Good Faith Cooperation**

All parties will work cooperatively to ensure the protection of sensitive information while facilitating the fair resolution of this case.

//
//
//            [SIGNATURES ON FOLLOWING PAGE]
//
//
//

IT IS SO STIPULATED:

Dated: 10/14/25

**BRADLEY & BROWN**

*/s/ Peter Sean Bradley*

Peter Sean Bradley
*Counsel for Plaintiff*

Dated: 10/14/25

**GORDON REES, A.P.C.**

*Anne-Leith W. Matlock*
Anne-Leith Matlock
*Attorneys for Defendant*

\* \* \*

**ORDER**

The Court has reviewed the stipulated Protective Order filed by Plaintiff Myesha Frazier-Taylor ("Plaintiff") and Defendant Cambridge Management, Inc. ("Defendant"), through their counsel of record, requesting that the Court enter an Order.

Having considered the above stipulation, and finding good cause, the Court adopts the signed stipulated Protective Order, (Doc. 18), subject to the following:

<u>Page 3, line 19</u>: "This Order may be modified by agreement of the parties or further order of the Court" is hereby struck and replaced with "This Order may be modified by agreement of the parties or further order of the Court, **up to and until the termination of this action**." In addition, CONFIDENTIAL information may be shared with the Court.

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   **October 15, 2025**            /s/ *Barbara A. McAuliffe*
                                                                      UNITED STATES MAGISTRATE JUDGE