UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYESHA FRAZIER-TAYLOR, | Case No. 1:25-cv-00448-FJS |
| Plaintiff, | ORDER GRANTING MOTION TO STRIKE |
| v. | (ECF No. 24) |
| CAMBRIDGE MANAGEMENT, INC., | ORDER DIRECTING CLERK OF COURT |
| Defendant. | TO REMOVE ECF Nos. 16, 16-1, 16-2 FROM DOCKET |

Before the Court is Plaintiff Myesha Frazier-Taylor's motion to strike. (ECF No. 24.) The Court, having reviewed the record, finds this matter suitable for decision without oral argument. L.R. 230(g). Accordingly, the previously scheduled hearing set on May 8, 2026, will be vacated and the parties will not be required to appear at that time. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

Plaintiff requests that Defendant Cambridge Management, Inc.'s Initial Disclosures pursuant to FRCP 26(a)(1) (ECF Nos. 16, 16-1, 16-2) be removed from the docket. (ECF No. 24.) Defendant's Initial Disclosures includes Plaintiff's confidential personnel file with disciplinary write-ups. (ECF No. 24 at 3.) Defendant filed its Rule 26 disclosures on September 24, 2025. (ECF Nos. 16, 16-1, 16-2.) Plaintiff was not aware that these disclosures were on the docket until February 2026. (ECF No. 24 at 3.) Plaintiff attempted to stipulate with Defendant

to strike the Rule 26 disclosure but was unsuccessful (ECF No. 24 at 3) and filed this motion on March 31, 2026 (ECF No. 24).

Defendant filed an opposition on April 14, 2026. (ECF No. 28.) Defendant agrees that the Rule 26 material should not have been placed on the public docket and does not oppose the Court striking ECF Nos. 16, 16-1, 16-2. (ECF No. 28 at 2.) Defendant objects to any relief beyond striking the filing. (*Id.*) Plaintiff filed a reply on April 22, 2026, and notes that the parties agree to the remedy of striking the documents. (ECF No. 29.)

A district court has the authority to strike inadvertently filed confidential documents from the public docket. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (recognizing district court's authority to address litigation conduct by striking documents). "[S]triking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, No. 2:15-cv-02366-JCM-GWF, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). There is a right to privacy under the California constitution that protects employee personnel records. *Bickley v. Schneider Nat., Inc.*, No. C-08-5806-JSW-JL, 2011 WL 1344195, at *2 (N.D. Cal. Apr. 8, 2011).

Since Plaintiff's confidential employment records are filed on the public docket at no fault of Plaintiff's and there is no objection from Defendant that ECF Nos. 16, 16-1, 16-2 be stricken, the Court HEREBY ORDERS that:

1.     The motion to strike (ECF No. 24) is GRANTED; and

2.     The Clerk of Court is DIRECTED to remove the Initial Disclosures pursuant to FRCP 26(a)(1) filed by Defendant (ECF Nos. 16, 16-1, 16-2) from the docket.

IT IS SO ORDERED.

Dated:     **April 28, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

2