UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYESHA FRAZIER-TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>CAMBRIDGE MANAGEMENT, INC.,<br><br>Defendant. | Case No. 1:25-cv-00448-FJS<br><br>ORDER GRANTING IN PART MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF Nos. 22, 25) |

Before the court is Defendant Cambridge Management, Inc.'s motion to modify the scheduling order. (ECF Nos. 22, 25.) Defendant seeks to modify the following deadlines outlined in the court's scheduling order (ECF No. 15): discovery cut-off, dispositive motions deadline, and expert witness disclosures and supplemental disclosures deadlines. (ECF No. 25 at 2.) Defendant does not seek to modify the trial date or pretrial conference date. (ECF No. 25 at 2.) The court held a hearing on May 8, 2026, by Zoom video conference. (ECF No. 31.) Having considered the motion, opposition, and reply, as well as the court's file and oral arguments, the court issues the following order.

I.      PROCEDURAL BACKGROUND

On September 22, 2025, the court entered a scheduling order pursuant to Federal Rule of Civil Procedure 16(b). (ECF No. 15.)

As of January 2026, current defense counsel indicates that her client disclosed its intent to change firms and ceased having meaningful conferrals with her. To facilitate a change in counsel, substitute counsel sought additional time to work on the case and current counsel reached out to Plaintiff's counsel to explore whether a stipulation could be reached. A

stipulation was not reached and current defense counsel filed the instant motion to modify the schedule order on March 31, 2026. (ECF No. 22.) Defendant's motion explains that extra time is needed for the substitute law firm to assess pending discovery, prepare substantive responses, and facilitate a more productive discovery exchange. (ECF No. 25-2 at 3). Plaintiff responds that substitute counsel's need for additional time is a reason to pass on the retention, not alter the existing scheduling order. (ECF No. 26 at 3.) Nevertheless, Plaintiff notes that its primary concern is maintaining the current trial dates. (ECF No. 26 at 3.)

II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation modified). The prejudice to parties opposing modification of the scheduling order, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification. *Id.* If the party seeking to amend the scheduling order "was not diligent, the inquiry should end," and the court should not grant the motion to modify. *Id.*

"Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018).

III.     DISCUSSION

The court accepts current defense counsel's representation that a breakdown in the

2

attorney-client relationship was not anticipated when the scheduling order issued. And the court appreciates that a breakdown in the attorney-client relationship frustrates the efficient pursuit of discovery. It is puzzling that Defendant's substitute counsel is conditioning its willingness to participate in the lawsuit on the securing of a modified schedule, but Defendant's substitute counsel is not appearing to advocate for its own desired schedule. Instead, substitute counsel is apparently delegating that advocacy to existing defense counsel despite the breakdown in communication between current defense counsel and the client. On that point, the court tends to agree with Plaintiff that substitute counsel should either take up or pass on the retention opportunity. That said, there is sufficient room in the existing schedule to afford the parties more time to conduct and complete discovery, including expert discovery, and prepare dispositive motions while maintaining the existing trial dates. While the court does not adopt the dates proposed in Defendant's motion, the court coordinated the feasibility of selected dates with counsel at the May 8, 2026, hearing. The court will, therefore, modify the schedule to afford both parties more time to complete discovery and prepare for trial.

IV.    CONCLUSION AND ORDER

The court finds good cause to modify the scheduling order in a manner that maintains the trial date but offers an opportunity for substitute counsel to prepare for trial. As the court noted at the May 8 hearing, however, Defendant should not expect another revision to this scheduling order to accommodate incoming counsel. The court therefore ORDERS that:

1.    Defendant's motion to modify the scheduling order (ECF Nos. 22, 25) is granted in part; and

2.    The court will issue an amended scheduling order contemporaneously with this order.

IT IS SO ORDERED.

Dated:    **May 12, 2026**    _____
UNITED STATES MAGISTRATE JUDGE

3